# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DESHAUN D. PATRICK,

                Petitioner,

v.

UNITED STATES OF AMERICA,

                Respondent.

Case No. 15-CV-976-JPS

**ORDER**

        On August 14, 2015, Petitioner Deshaun D. Patrick ("Patrick") filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. (Docket #1). Patrick's sentence was increased because he was deemed a career offender under the U.S. Sentencing Guidelines (the "Guidelines"). *United States v. Deshaun D. Patrick*, 14-CR-26-RTR (E.D. Wis.) (Docket #33 at 2-4). A defendant is a "career offender" when he has at least two prior convictions for crimes of violence or involving a controlled substance. U.S.S.G. § 4B1.1. The career offender designation in Patrick's case was imposed by the definition of a "crime of violence" found in Section 4B1.2(a) of the Guidelines. (Docket #1 at 4).

        A "crime of violence" is defined two ways. The first is when a crime "has as an element the use, attempted use, or threatened use of physical force against the person of another." *Id.* § 4B2.1(a)(1). The second is when a crime "is burglary of a dwelling, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*." *Id.* § 4B1.2(a) (emphasis added). The emphasized

portion of the definition was referred to as the "residual clause."[1] An identical residual clause was found in the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii). *Johnson v. United States*, 135 S. Ct. 2551, 2556 (2015).

One of Patrick's prior convictions underlying his career offender designation was for fleeing a police officer, which is only considered a "crime of violence" by way of the residual clause. *United States v. Dismuke*, 593 F.3d 582, 596 (7th Cir. 2010). In *Johnson*, the Supreme Court found that the ACCA's residual clause was unconstitutionally vague. *Johnson*, 135 S. Ct. at 2557. Patrick contends that the residual clause of the Guidelines must be similarly invalidated. (Docket #1 at 3-5).

Patrick's argument had already been raised by other defendants at the time he filed his motion. On August 29, 2016, in one such case, the Seventh Circuit agreed with Patrick's position and found the Guidelines' residual clause to be vague. *United States v. Hurlburt*, 835 F.3d 715, 725 (7th Cir. 2016). However, on March 6, 2017, the Supreme Court held that the Guidelines are not subject to vagueness challenges, abrogating *Hurlburt*. *Beckles v. United States*, 137 S. Ct. 886, 897 (2017).

---

[1]Pursuant to Amendment 798 to the Guidelines, effective August 1, 2016, the Sentencing Commission deleted Section 4B1.2(a)'s residual clause, replacing it with language that simply enumerates specific offenses that can be considered crimes of violence. Amendment 798 was not made retroactive, *see* U.S.S.G. § 1B1.10(d) (listing amendments to be applied retroactively pursuant to 18 U.S.C. § 3582(c)(2)); *United States v. Delapp*, Case No. 1:13CR00036-008, 2016 WL 8234984, at *1 n.2 (W.D. Va. Oct. 31, 2016), and it is therefore not applicable to Patrick, U.S.S.G. § 1B1.11 ("The court shall use the Guidelines Manual in effect on the date that the defendant is sentenced."); *Belton v. United States*, 71 F. App'x 582, 583 (7th Cir. 2003) (noting that Section 1B1.10 of the Guidelines defines which amendments may be applied retroactively).

Three days later, Respondent filed a letter-response to Patrick's motion, asking that it be dismissed in light of *Beckles*. (Docket #15). Patrick offered no reply; instead, on March 16, 2017, he filed a motion to dismiss this matter without prejudice pursuant to Federal Rule of Civil Procedure ("FRCP") 41(a)(2). (Docket #16).[2] The next day, Respondent filed a letter asking that the Court ignore Patrick's request for dismissal and decide this case on its merits. (Docket #17).

FRCP 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Patrick's request for dismissal without prejudice is improper. His sole avenue for relief was the alleged vagueness of the Guidelines' residual clause, and *Beckles* precludes any vagueness challenges to the Guidelines. His motion will, therefore, be dismissed on its merits and with prejudice.

Under Rule 11(a) of the Rules Governing Section 2255 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), Patrick must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). Further, when the Court has denied relief on procedural grounds, the

---

[2]Patrick's motion cites FRCP "41(2)," but this must a typographical error; not such section exists.

petitioner must show that jurists of reason would find it debatable both that the "petition states a valid claim of the denial of a constitutional right" and that "the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In light of *Beckles*, the Court cannot fairly conclude that reasonable jurists would debate whether Patrick's motion should be decided differently; as a consequence, the Court must deny him a certificate of appealability.

Finally, the Court closes with some information about the actions that Patrick may take if he wishes to challenge the Court's resolution of this case. This order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within thirty days of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See id.* 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *Id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.

Accordingly,

**IT IS ORDERED** that Petitioner's motion to vacate, set aside, or correct his sentence pursuant to Section 2255 (Docket #1) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that this action be and same is hereby **DISMISSED with prejudice**; and

**IT IS FURTHER ORDERED** that a certificate of appealability be and the same is hereby **DENIED**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 19th day of December, 2017.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge